Vasquez-Vasquez v. Garland

BIA
Ruehle, IJ
A206 361 569/570

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-two.

PRESENT:
>JON O. NEWMAN,
>JOHN M. WALKER, JR.,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

SONIA DIANETH VASQUEZ-VASQUEZ,
ELBER EDELFO VASQUEZ-VASQUEZ,
>*Petitioners*,

v.                                          20-1307
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONERS:          Jose Perez, Esq., Syracuse, NY.

**FOR RESPONDENT:**           Brian Boynton, Acting Assistant
                              Attorney General; Sabatino F. Leo,
                              Assistant Director; Shahrzad
                              Baghai, Trial Attorney, Office of
                              Immigration Litigation, United
                              States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioners Sonia Dianeth Vasquez-Vasquez and Elber Edelfo Vasquez-Vasquez, natives and citizens of Guatemala, seek review of a March 19, 2020, decision of the BIA affirming a January 8, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sonia Dianeth Vasquez-Vasquez, Elber Edelfo Vasquez-Vasquez,* Nos. A206 361 569/570 (B.I.A. Mar. 19, 2020), *aff'g* Nos. A206 361 569/570 (Immig. Ct. Buffalo Jan. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, reaching only the claims exhausted before the BIA and the grounds for denying those claims that the BIA relied on, i.e., the untimeliness of the asylum application and the failure to sufficiently

2

corroborate the domestic violence claim.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

We deny the petition because the Petitioners have abandoned any challenge to the grounds on which the BIA relied in denying relief by failing to argue those grounds in their brief.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).  Instead of challenging the reasons the BIA gave, Petitioners argue that Sonia demonstrated that the Guatemalan government is unable to protect domestic violence victims.  We decline to address that issue because the agency did not address it, and instead relied on the fact that Sonia did not corroborate that she suffered such violence.  *See Lin Zhong*, 480 F.3d at 122; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Even if Petitioners had contested the corroboration finding that the BIA made—that Sonia did not corroborate that she was a domestic violence victim—that finding was

3

reasonable, given her failure to submit her medical records (to substantiate alleged domestic violence) and Elber's birth certificate (to establish a relationship to the alleged abuser). The agency did not err in concluding that Sonia's explanation for why she did not provide this evidence—i.e., that she left the birth certificate at home and was never asked to provide medical records—failed to establish that the evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); *Wei Sun v. Sessions*, 883 F.3d 23, 30-31 (2d Cir. 2018) (holding that "alien bears the ultimate burden of introducing . . . evidence without prompting from the IJ").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

4